In the Matter of THOMAS P. O'CALLAGHAN (Admitted as THOMAS PATRICK O'CALLAGHAN), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 26, 1990

### APPEARANCES OF COUNSEL

*Gary L. Casella (Gary D. Egerman* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice as an attorney by the Appellate Division, First Judicial Department, on July 8,

1971, under the name Thomas Patrick O'Callaghan. By decision and order of this court dated November 27, 1989, the respondent was suspended from the practice of law pending the further order of this court based upon his willful failure to comply with the lawful demands of the Grievance Committee in its investigation of allegations of professional misconduct.

By motion No. 385, the petitioner moves to discipline the respondent upon charges of professional misconduct. By motion No. 490 the petitioner moves to hold the respondent in default and to impose discipline for his failure to appear or answer in this proceeding. The respondent was personally served with the motion for a default judgment and has failed to appear or answer. The respondent was previously served with the motion to impose discipline upon him for professional misconduct and a motion to suspend him from the practice of law. He failed to appear or answer in regard to either of these motions, one of which resulted in the order of suspension dated November 27, 1989.

The charges, generally stated, are that the respondent failed to account for funds entrusted to him; neglected a legal matter entrusted to him; failed to cooperate with the legitimate inquiry of the petitioner Grievance Committee; abandoned his client when he moved his office, disconnected his phone, and failed to advise the client of his new address or phone number; failed to notify the Office of Court Administration of his change of address and to reregister as an attorney as required by Judiciary Law § 468-a (2) and by the Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (f).

The charges, if established, would require the disbarment of the respondent. Since the respondent has chosen not to appear or answer in this proceeding, the charges must be deemed established. The petitioner's motion to hold the respondent in default and for the imposition of an appropriate measure of discipline is granted. Accordingly, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and EIBER, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Thomas P. O'Callaghan is dis-

barred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Thomas P. O'Callaghan is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.